IN THE CIRCUIT COURT OF TATE COUNTY, MISSISSIPPI

OTIS MINOR                                                    PLAINTIFF

VERSUS                                    CAUSE NO.: 19-CV-117-JmT

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY, STATE OF
MISSISSIPPI, EX REL., MISSISSIPPI, JIM HOOD, ATTORNEY
GENERAL, STATE OF MISSISSIPPI, TOWN OF COLDWATER,
STATE OF MISSISSIPPI, OFFICER BRYAN SULLIVANT, AND
JOHN DOE I, AND JOHN DOE II                                  DEFENDANTS

## COMPLAINT FOR DAMAGES

**COMES NOW, Otis Minor,** Plaintiff in the above-styled and numbered cause and files

this his Complaint for Damages, and he would respectfully show unto this Honorable Court, the

following, to-wit:

### JURISDICTION AND VENUE

1.  This action arises the Fourth and Fourteenth Amendment to the Constitution for the United

States of America and  of the Constitution of Mississippi.  Jurisdiction is conferred upon the Court

under **28 U.S.C Section 1331 and 42 U.S.C. Section 1983.**  Jurisdiction over the state pendant claims

is conferred upon the Court under **28 U.S.C. Section 1337.**

2.  Venue is proper in this County and State as the Defendants are believed to reside within this

County and State, and all acts alleged occurred within this County, and State.

3.  Jurisdiction is also conferred upon this Court for Plaintiff's causes of action pertains to

**Mississippi Constitution of 1890, Annotated,** specifically, **Artcle 3, Section 23 Searches and**

**Seizures** which states:

> The people shall be secure in their persons, houses, and possessions, from unreasonable
> seizure or search and no warrant shall be issued without probable cause, supported by
> oath or affirmation, specially designating the place to be searched and the person or
> thing to be seized.

### PARTIES

-1-

FILED

APR 10 2019

Edward L. (Eddie) Hadskey • Tate Co. Circuit Clerk

By_____



4. Defendant John Doe I is an unknown man believed to be a resident of Tate County, State of Mississippi, and is further believed to be an employee or a deputy of the the Coldwater Police Department. He is being sued individually, and in his official capacity.

5. Defendant John Doe II is an unknown man believed to be a resident citizen of the State of Mississippi, and Plaintiff further believed to be an employee or deputy of the City of Coldwater Police Department. Defendant John Doe I is being sued individually, and in his official capacity.

6. Defendant, Officer Bryan Sullivant, is/was an employee of the Mississippi Department of Public Safety, more specifically, Mississippi Bureau of Investigaton.

7. Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, servant, co-venturer, and/or employee of the Coldwater Police Department, State of Mississippi, Mississippi Department of Public Safety, and Mississippi Bureau of Investigation, State of Mississippi, and were at all times herein mentioned acting within the scope of said employment, venture, and/or employment, and with actual or ostensible authority and/or agency and that each of the Defendants ratified the actions an/or conduct of the others. Defendants, Coldwater Police Department, Mississippi Department of Public Safety, Mississippi Bureau of Investigation, State of Mississippi are agencies of the State of Mississippi duly existing by reason of and pursuant to the laws of the State of Mississippi.

8, Jim Hood, Attorney General, is the duly elected Attorney General of the State of Mississippi, and he can be served at 550 High Street, Jackson, Mississippi 39205.

9. Mississippi Department of Public Safety can be served at PO Box 948, Jackson, MS 39205.

## GENERAL STATEMENT

10. On or about April 1, 2018 at approximately 8:00 o'clock P.M., Plaintiff was arrested by Officer Bryan Sullivant, an employee of the Mississippi Department of Public Safety, Mississippi

-1-

Bureau of Investigation, and charged with capital murder with the underline charge of burglary.

11. Defendant, Officer Bryan Sullivant was assisted by members of the Coldwater Police Department in making the arrest of Plaintiff on the charge of capital murder.

12. Plaintiff, Otis Minor, insisted at the time of his arrest that he was not involved in the burglary and murder of Rodney Barnard Wilkens. Further, Plaintiff provided investigators with his whereabouts at the time of the alleged murder of Rodney Barnard. And additionally, Plaintiff provided investigators with the names, addresses of all individuals who could vouch for his whereabouts at the time of the alleged murder of Rodney Barnard, and the alleged breaking and entering of home of Rodney Barnard Wilkins.

13. Defendants also charged Plaintiff with aggravated assault on Lashandra Johnson on or about April 1, 2018 as well. Plaintiff was arrested on April 1, 2018 for aggravated assault. And as a result of said wrongfully arrest, Plaintiff spent thirty four (34) days in jail before being released.

## VIOLATION OF RIGHTS

14. The Plaintiff incorporates by reference the allegations contained in Paragraphs 1through Paragraph 14 of this Complaint for Damages as if fully set forth herein.

15. As is more fully described Plaintiff was detained, arrested, searched, and restrained of his liberty without reasonable suspicion or probable cause and without due process of law, and the Plaintiff spent some thirty four (34) days incarcerated, all in violation of the **Fourth, Fifth, and Fourteenth Amendments to the Constitution for the United States of America, and in violation of Mississippi Constitution, Article 3, Section 23. Searches and seizures.**

## SECOND CAUSE OF ACTION
### FALSE ARREST

16. The Plaintiff incorporates by reference the allegations contained in Paragraph 1 through

Paragraph 16 of this Complaint for Damages as if fully set forth herein.

17. As is more fully described the Plaintiff was falsely detained, arrested, and restrained of his liberty by Defendants, John Doe I, John Doe II, and Officer Bryan Sulliant, who knew full well at the time that they did not have probable cause or reasonable suspicion to arrest the Plaintiff for any offense.

## THIRD CAUSE OF ACTION
## FALSE IMPRISONMENT

18. The Plaintiff incorporates by reference the allegations contained in Paragraph 1 through Paragraph 18 of this Complaint for Damages as if fully set forth herein.

19. As is more fully stated and described Defendants wrongfully, and intentionally deprived and restrained Plaintiff of his freedom by detaining him; handcuffing him; and placing Plaintiff in the back seat of their patrol car. Plaintiff was essentially confined in the Tate County Detention Facility

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL
## DISTRESS

20. The Plaintiff incorporates by reference the allegations contained in Paragraph 1 through Paragraph 20 of this Complaint for Damages as if fully set forth herein.

21. Defendants by there actions in detaining Plaintiff; placing him in handcuffs; and placing him in jail for thirty four (34) days intentionally cause Plaintiff emotional distress and mental suffering. By the conduct alleged above, which is prohibited under both the Federal and Mississippi Constitution, Defendants, and each of them, acted outrageously, with the intention to cause, or with reckless disregard of the probability of causing Plaintiff severe emotional distress. This conduct, which was unprivileged and unwanted by Plaintiff, actually and proximately cause Plaintiff severe emotional distress.

22. Defendants, and each of them, harmed Plaintiff because those actions caused him to suffer

-3-

humiliation, embarrassment, mental anguish, and emotional distress. The actions of Defendants, and each of them, injured Plaintiff's mind and body. As a result of such unlawful conduct and consequent harm, Plaintiff suffered damages that will be proven at trial.

## JURY TRIAL DEMANDED

32. Plaintiff hereby demands trial by jury on all claims and issues so triable.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court:

1. Proceed with a trial by jury upon issues so triable; and

2. Award the Plaintiff's damages of no less than $300,000.00; and

3. Award the Plaintiff's costs and fees incurred for the prosecution of this action;

4. Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Otis Ravell Minor*
OTIS MINOR

BY: _____
AZKI SHAH
COUNSEL FOR PLAINTIFF

AZKI SHAH
ATTORNEY AT LAW
318 DELTA AVENUE
CLARKSDALE, MS 38614
662-661-9996
FAX: 662-621-9997
EMAIL: atty.azki.shah@gmail.com
MISSISSIPPI BAR #6721