IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

OTIS MINOR                                                                                      PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:19CV155-NBB-RP

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;
STATE OF MISSISSIPPI, EX REL., MISSISSIPPI;
JIM HOOD, ATTORNEY GENERAL, STATE OF
MISSISSIPPI; TOWN OF COLDWATER, MISSISSIPPI;
OFFICER BRYAN SULLIVANT; AND
JOHN DOE I AND JOHN DOE II                                                    DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the motion for judgment on the pleadings filed by defendants Mississippi Department of Public Safety ("MDPS"), State of Mississippi, ex rel., Mississippi, and Jim Hood, Attorney General, State of Mississippi (collectively "State Defendants").

Facts and Procedural Posture

The plaintiff, Otis Minor, filed this action on April 10, 2019, in the Circuit Court of Tate County, Mississippi, against numerous defendants alleging violations of state and federal constitutional rights as well as a number of state law tort claims. The defendants timely removed the case to this court on July 23, 2019.

The plaintiff alleges that on April 1, 2018, he was arrested by MDPS Officer Bryan Sullivant without probable cause, charged with capital murder and other crimes, and then spent thirty-four days in jail before he was released. The plaintiff brings this action under 42 U.S.C. § 1983, asserting claims for violations of the Fourth, Fifth, and Fourteenth Amendments to the Constitution as well as violations of the Mississippi Constitution, and what are apparently intended to be state law claims for false arrest, false imprisonment, and intentional infliction of

emotional distress, though the complaint does not specify whether the plaintiff asserts these as state law claims or constitutional infringements. The complaint does not cite the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 *et seq.* ("MTCA"), which provides the exclusive remedy for state tort actions against the State of Mississippi, its agencies, and its officials acting in their official capacities. The State Defendants have moved for judgment on the pleadings.

## Standard of Review

Because the defendants have filed their answer to the complaint, Rule 12(c) of the Federal Rules of Civil Procedure is the appropriate vehicle for review, but the same legal standard applicable to a motion to dismiss pursuant to Rule 12(b)(1) or 12(b)(6) applies here. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). In considering such a motion, the court must accept the well-pleaded factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *See, e.g., Cramer v. Skinner*, 931 F.2d 1020 (5th Cir. 1991). To prevent dismissal, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678).

## Analysis

At the outset, the court notes that the plaintiff's response to the State Defendants' motion was filed considerably out of time – forty-nine days late, in fact. The plaintiff did not seek leave of court to file out of time and did not confer with counsel for the defendants regarding the need for additional time. The defendants therefore ask that the court strike the plaintiff's response,

2

and such a request is well founded under the circumstances here. *See, e.g.*, *Robinson v. City of Ruleville*, 4:13-cv-00066, Doc. No. 91 (N.D. Miss. 2014) (striking untimely response and giving it no consideration). Such action will not be necessary here, however, as the defendants have presented persuasive meritorious arguments supported by applicable authority which the plaintiff has been unable to rebut in his untimely filed responsive brief.

The plaintiff makes little attempt to rebut the State Defendants' position that they are entitled to Eleventh Amendment immunity. The Eleventh Amendment guarantees that "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of the Univ. of Alabama v. Garrett*, 351 U.S. 356, 363 (2001). It is well-settled that this immunity extends to "arms of the state," such as the state's agencies, which include the State Defendants here. *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S 274, 280 (1977). Further, "[t]here has been no congressional abrogation of state sovereign immunity as to claims under §§ 1981, 1983, 1985, or 1986." *Delaney v. Miss. Dep't of Pub. Safety*, 2013 WL 286365, at \*3 (S.D. Miss. Jan. 24, 2013) (citing *Hines v. Miss. Dep't of Corrections*, 239 F.3d 366 (5th Cir. 2000)).

A state will be held to have waived Eleventh Amendment immunity only where such waiver is demonstrated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Watson v. Texas*, 261 F.3d 436, 441 (5th Cir. 2001). In Mississippi, the law is unequivocal on the matter, as provided in the Mississippi Tort Claims Act: "Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." Miss. Code Ann.§ 11-46-5(4).

MDPS is an arm of the State of Mississippi and, as such, is protected by Eleventh Amendment immunity. *See, e.g.*, *Delaney*, 2013 WL 286365, at *3. The plaintiff has alleged claims against defendant Jim Hood, former Attorney General of the State of Mississippi, in only his official capacity.[1] A claim against the Attorney General in his official capacity is the same as a claim against the Mississippi Attorney General's Office as a governmental entity. *See Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000). Because, like MDPS, the Mississippi Attorney General's Office is an arm of the state, it too is protected by Eleventh Amendment immunity. *Moore v. Miss. Gaming Comm'n*, No. 1:15-CV-13-DMB-DAS, 2016 WL 5477673, at *12 (N.D. Miss. Sept. 29, 2016) (citing *Barry v. Fordice*, 814 F. Supp. 511, 513 (S.D. Miss. 1992), *aff'd mem.*, 8 F.3d 1 (5th Cir. 1993)).

The State Defendants are thus immune from suit by virtue of the Eleventh Amendment, and in this case this immunity extends to the plaintiff's state law claims. As noted above, the Mississippi Tort Claims Act, which the plaintiff failed to cite in his complaint, makes clear that it "shall [not] be construed to waive the immunity of the state from suit in federal courts …." Miss. Code Ann. § 11-46-5(4). *See also Corn v. Miss. Dep't of Pub. Safety*, No. 19-60247, 2020 WL 1471843, at *3 (5th Cir. Mar. 26, 2020) (state law claims brought pursuant to MTCA against Mississippi Department of Public Safety barred by Eleventh Amendment). "[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 104 S. Ct. 900, 919 (1984). Further, "neither pendent jurisdiction nor any other

---

[1] Lynn Fitch is Jim Hood's successor and the current Attorney General of Mississippi. "[W]hen officials sued in their official capacities leave office, their successors automatically assume their role in the litigation." *Lewis v. Clarke*, 137 S. Ct. 1285, 1292 (2017).

4

basis of jurisdiction may override the Eleventh Amendment." *Id.* For these reasons, the court finds that both the federal and state law claims against the State Defendants should be dismissed.

As a final matter, the court notes that the well-known "*Ex Parte Young* exception" to Eleventh Amendment immunity does not apply in the present case, as the plaintiff does not seek "prospective [injunctive] relief against state officials who are committing an ongoing federal violation." *Corn*, 2020 WL 1471843, at *3 (citing *Ex Parte Young*, 209 U.S. 123 (1908)).

<u>Conclusion</u>

For the foregoing reasons, the court finds that the State Defendants' motion for judgment on the pleadings is well taken and shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 7th day of April, 2020.

    /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT COURT