IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

OTIS MINOR                                                          PLAINTIFF

V.                                    CIVIL ACTION NO. 3:19CV155-NBB-RP

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;
STATE OF MISSISSIPPI, EX REL., MISSISSIPPI;
JIM HOOD, ATTORNEY GENERAL, STATE OF
MISSISSIPPI; TOWN OF COLDWATER, MISSISSIPPI;
OFFICER BRYAN SULLIVANT; AND
JOHN DOE I AND JOHN DOE II                               DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon Defendant Town of Coldwater, Mississippi's motion for judgment on the pleadings. Upon due consideration, the court finds that the motion is well taken and should be granted.

Facts and Procedural Posture

The plaintiff, Otis Minor, filed this action on April 10, 2019, in the Circuit Court of Tate County, Mississippi, against numerous defendants alleging violations of state and federal constitutional rights as well as a number of state law tort claims. Coldwater's co-defendants, State of Mississippi, Mississippi Department of Public Safety ("MDPS"), and Mississippi Attorney General's Office (collectively "State Defendants") timely removed the case to this court on July 23, 2019, and Coldwater joined in the removal.

The plaintiff alleges that on April 1, 2018, he was arrested by MDPS Officer Bryan Sullivant without probable cause, charged with capital murder and other crimes, and then spent thirty-four days in jail before he was released. The plaintiff brings this action under 42 U.S.C. § 1983, asserting claims for violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution as well as violations of the Mississippi Constitution, and what are

apparently intended to be state law claims for false arrest, false imprisonment, and intentional infliction of emotional distress, though the complaint does not specify whether the plaintiff asserts these as state law claims or constitutional infringements. The complaint does not cite the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 *et seq.* ("MTCA"), which provides the exclusive remedy for state tort actions against the State of Mississippi, its agencies, and its officials acting in their official capacities. The sole allegation related to Coldwater is that unnamed members of its police department "assisted" MDPS in making the arrest. Other than this singular allegation, Coldwater is not mentioned in the complaint's factual recitation or in the complaint's statement of causes of action.

The State Defendants moved for judgment on the pleadings. Coldwater has now followed suit with its own motion. Finding the State Defendants' motion meritorious, the court granted it and will now turn to Coldwater's motion.

## Standard of Review

Because the defendants have filed their answer to the complaint, Rule 12(c) of the Federal Rules of Civil Procedure is the appropriate vehicle for review, but the same legal standard applicable to a motion to dismiss pursuant to Rule 12(b)(1) or 12(b)(6) applies here. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). In considering such a motion, the court must accept the well-pleaded factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *See, e.g., Cramer v. Skinner*, 931 F.2d 1020 (5th Cir. 1991). To prevent dismissal, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678).

Analysis

At the outset, the court notes that the plaintiff's response to Coldwater's motion was filed considerably outside the deadline. The plaintiff did not seek leave of court to file out of time and did not confer with counsel for the defendant regarding the need for additional time. Coldwater therefore asks the court to strike the plaintiff's response, and such a request is well founded under the circumstances here. *See, e.g.*, *Robinson v. City of Ruleville*, 4:13-cv-00066, Doc. No. 91 (N.D. Miss. 2014) (striking untimely response and giving it no consideration). Such action will not be necessary, however, as the defendant has presented persuasive meritorious arguments supported by applicable authority which the plaintiff has been unable to rebut in his untimely filed responsive brief.

The only factual allegation against Coldwater is that unidentified members of its police department "assisted" MDPS in making what the plaintiff asserts was a false arrest. The plaintiff alleges that he "was detained, arrested, searched, and restrained of his liberty without reasonable suspicion or probable cause and without due process of law … all in violation of the Fourth, Fifth, and Fourteenth Amendments."

A plausible basis of municipal liability under Section 1983 requires a showing of both a constitutional violation and a municipal policy or custom to which the constitutional violation is attributable. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The plaintiff's allegation that unnamed Coldwater police officers "assisted" MDPS officials in the plaintiff's allegedly unlawful arrest does not suffice as a plausible allegation of a constitutional violation that can be ultimately attributed to Coldwater. *See, e.g.*, *Ferguson v. Dunn*, 2017 WL

3

9286964, at *4 (E.D. Tex. 2017) ("The allegation that Holloway 'aided and assisted' Dunn, absent more, is simply insufficient to establish Holloway's personal involvement in Ferguson's arrest."). The plaintiff has not satisfied even the threshold requirement of showing a violation of his constitutional rights attributable to the unnamed Coldwater police officers. Even if he had done so, the plaintiff would face a second challenge: a demonstration that the constitutional violation was caused by a municipal "policy" or "custom." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997) (citing *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986)). Municipal liability does not attach solely because the municipality employed a tortfeasor. *Id.* (citing *Monell*, 436 U.S. at 694).

Although a plaintiff "need not offer proof of [his] allegations at this stage, [he] must plead facts that plausibly support each element of § 1983 municipal liability…." *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018). The three elements of Section 1983 municipal liability are: (1) an official policy (2) promulgated by the municipal policymaker (3) [which] was the moving force behind the violation of a constitutional right." *Id.* The complaint in the present case is devoid of any allegations identifying an official policy promulgated by an official policymaker. To survive beyond the pleadings stage, a complaint asserting municipal liability under Section 1983 must describe a policy or custom and its relationship to the alleged constitutional violation with specific facts – not mere conclusory allegations. *Id.* at 622. As the defendant notes, the complaint here does not contain even a boilerplate assertion that an unconstitutional policy or custom attributable to Coldwater existed – much less that it led to the plaintiff's allegedly unlawful arrest and incarceration.

Because the complaint contains no plausible allegations that sufficiently identify a constitutional violation attributable to the unnamed Coldwater police officers as well as no

plausible allegations that would support municipal liability, the court finds that the federal claims against Coldwater brought pursuant to Section 1983 should be dismissed. *See, e.g.*, Britton v. Southaven Police Dep't, No. 3:16-cv-84-MPM-RP, 2016 U.S. Dist. LEXIS 183266 (N.D. Miss. Oct 20, 2016) (dismissing plaintiff's Section 1983 complaint against police department for failure to plausibly allege a custom or policy that was the moving force behind the alleged constitutional violation).

The plaintiff also asserts state law claims for a violation of the Mississippi Constitution, false arrest, false imprisonment, and intentional infliction of emotional distress. "The district court has discretion to dismiss pendent state law claims and may decline to exercise supplemental jurisdiction over such claims where it has dismissed claims over which it had original jurisdiction." *St. Germain v. Howard*, 556 F.3d 261, 263-64 (5th Cir. 2009) (citing 28 U.S.C. § 1367(c)). The court declines to exercise supplemental jurisdiction over these claims, and they will be dismissed.

Were the court inclined to exercise supplemental jurisdiction over the plaintiff's state law claims, those claims would nevertheless fail for a number of reasons. First, the Mississippi Constitution does not provide a direct cause of action. *City of Jackson v. Sutton*, 797 So. 2d 977, 981 (Miss. 2001) (holding that plaintiff could not proceed under the Mississippi Constitution because "[t]he caselaw is clear that the Mississippi Tort Claims Act is the only route by which the plaintiffs could file suit against the [defendants]").

The Mississippi Tort Claims Act ("MTCA"), which provides the exclusive remedy under Mississippi law for any action or damages against a governmental entity or its employee acting within the course and scope of his employment,[1] states:

---

[1] Miss. Code Ann. § 11-46-7(1).

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> * * *
>
> (c) Arising out of any act or omission of any employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

Miss. Code Ann. § 11-46-9(1)(c). Thus, a municipality cannot be held liable for the conduct of its police officers without a showing of reckless disregard. *City of Clinton v. Tornes*, 252 So. 3d 34, 37 (Miss. 2018).

The facts as pled in the instant complaint do not rise to the level of reckless disregard. "Reckless disregard occurs when the conduct involved evinced not only some appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved." *City of Laurel v. Williams*, 21 So. 3d 1170, 1175 (Miss. 2009). The reckless disregard standard "embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." *Phillips v. Miss. Dep't of Pub. Safety*, 978 So. 2d 656, 661 (Miss. 2008). The plaintiff has failed to allege sufficient facts to demonstrate that Coldwater's officers, who are not even identified, appreciated an unreasonable risk to the plaintiff and an attendant high probability of harm to him and then, in assisting the Mississippi Department of Public Safety in the plaintiff's allegedly wrongful arrest, willfully and wantonly disregarded that risk evincing a conscious indifference to the alleged harmful outcome.

The plaintiff's state law claims also fail because they each contain the element of malice. The MTCA provides that "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or

6

be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation, or any criminal offense other than traffic violations." Miss. Code Ann. § 11-46-5(2). Thus Coldwater has not waived its immunity from liability against the plaintiff's claims for false arrest, false imprisonment, and intentional infliction of emotional distress because such claims involve allegations of malice. *See Ducksworth v. Rook*, No. 2:14-CV-146, 2015 WL 737574, at *6 (S.D. Miss. Feb. 20, 2015) (finding no waiver of immunity and dismissing plaintiff's claims against municipality for false arrest, false imprisonment, and intentional infliction of emotional distress, as each claim involves allegations of malice).

Conclusion

For the foregoing reasons, the court finds that Defendant Town of Coldwater, Mississippi's motion for judgment on the pleadings is well taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 15th day of April, 2020.

    /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE