IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

OTIS MINOR                                                                              PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:19CV155-NBB-RP

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;
STATE OF MISSISSIPPI, EX REL., MISSISSIPPI;
JIM HOOD, ATTORNEY GENERAL, STATE OF
MISSISSIPPI; TOWN OF COLDWATER, MISSISSIPPI;
OFFICER BRYAN SULLIVANT; AND
JOHN DOE I AND JOHN DOE II                                                   DEFENDANTS

## ORDER SETTING ASIDE ENTRY OF DEFAULT

Presently before the court is the motion of Defendant Bryan Sullivant to set aside clerk's

entry of default.  The plaintiff has filed no opposition to the motion.  Upon due consideration, the

court finds that the motion is well taken and should be granted.

The plaintiff, Otis Minor, alleges that on April 1, 2018, he was arrested by Mississippi

Bureau of Investigation Officer Bryan Sullivant without probable cause, charged with capital

murder and other crimes, and incarcerated for thirty-four days before being released.  The

plaintiff filed this Section 1983 action on April 10, 2019, in the Circuit Court of Tate County,

Mississippi, against numerous defendants alleging violations of state and federal constitutional

rights as well as a number of state law tort claims.  Defendants State of Mississippi, Mississippi

Department of Public Safety ("MDPS"), and the Mississippi Attorney General's Office

(collectively "State Defendants") timely removed the case to this court on July 23, 2019, and

Defendant Town of Coldwater joined in the removal.  Sullivant did not join in the removal, as he

was never served.  Finding no plausible basis for relief on the facts as set forth in the complaint,

this court granted the defendants' motions for judgment on the pleadings and dismissed all defendants from this action except Sullivant.

In their motion for judgment on the pleadings, the State Defendants informed the court that Sullivant had not been served with process and was therefore not a party to the action. On October 8, 2019, the plaintiff filed a return purporting to reflect service on Sullivant on June 24, 2019. The return shows that a summons addressed to "Bryan Sullivant, Mississippi Department of Public Safety,[1] Post Office Box 958, 1900 E. Woodrow Wilson Avenue, Jackson, MS 39205" was left by a process server with "MS Dept. of Public Safety Terry Westbrook Office Mgr."

Federal Rule of Civil Procedure 4(e) provides that a person may be served by following state law where the district court sits or by delivering a copy of the summons and complaint to the individual personally, by leaving copies at the individual's dwelling or usual place of abode with someone of suitable age who resides there, or by delivering copies to an agent authorized by appointment or by law to receive service of process. The corresponding Mississippi rule is essentially the same as the federal rule. *See* Miss. R. Civ. P. 4(d).

With the present motion, Sullivant submitted a sworn declaration that to date he has never been personally served with copies of the summons and complaint in this action and that he has never authorized Teresa Westbrook, MDPS, or anyone else to accept personal service of process on his behalf. He also submitted a sworn declaration of Teresa Westbrook, an administrative assistant with MDPS, stating she has never been authorized by Sullivant or MDPS to accept service of process on Sullivant's behalf. Sullivant has, therefore, not been properly served with process in this action.

---

[1] The Mississippi Bureau of Investigation is an entity within the Mississippi Department of Public Safety.

The plaintiff moved on October 19, 2019, for clerk's entry of default against Sullivant and requested judgment against him in the amount of $300,000.00. Based on plaintiff's counsel's affidavit attesting that proper service had been accomplished and that the requisite period had passed with no responsive pleading or defense from Sullivant, the Clerk of Court entered default against Sullivant on October 21, 2019.

Because it is clear Sullivant was not properly served in this action, the court finds that he has shown good cause under Federal Rule of Civil Procedure 55(c) for the setting aside of the clerk's entry of default entered against him. The court also notes that the plaintiff has not opposed Sullivant's motion. For these reasons, the motion is well taken and will be granted.

It is, therefore, **ORDERED AND ADJUDGED** that Defendant Bryan Sullivant's motion to set aside clerk's entry of default is **GRANTED**. The clerk's entry of default is hereby set aside. Sullivant is granted fourteen days from this date within which to file an answer or other pleading in response to the complaint.

This, the 4th day of June, 2020.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE