IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

OTIS MINOR                                                                                          PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:19CV155-NBB-RP

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;
STATE OF MISSISSIPPI, EX REL., MISSISSIPPI;
JIM HOOD, ATTORNEY GENERAL, STATE OF
MISSISSIPPI; TOWN OF COLDWATER, MISSISSIPPI;
OFFICER BRYAN SULLIVANT; AND
JOHN DOE I AND JOHN DOE II                                                              DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court upon the only remaining defendant Bryan Sullivant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon due consideration of the motion and applicable authority, the court is ready to rule.

The plaintiff, Otis Minor, filed this action on April 10, 2019, in the Circuit Court of Tate County, Mississippi, against numerous defendants alleging violations of state and federal constitutional rights as well as a number of state law tort claims. The defendants timely removed the case to this court on July 23, 2019.

The plaintiff alleges that on April 1, 2018, he was arrested by MDPS Officer Bryan Sullivant without probable cause, charged with capital murder and other crimes, despite an alibi the plaintiff alleges he disclosed at some point to unnamed investigators, and then spent thirty-four days in jail before he was released. The plaintiff brings this action under 42 U.S.C. § 1983, asserting claims for violations of the Fourth, Fifth, and Fourteenth Amendments to the Constitution as well as violations of the Mississippi Constitution, and what are apparently intended to be state law claims for false arrest, false imprisonment, and intentional infliction of emotional distress, though the complaint does not specify whether the plaintiff asserts these as

state law claims or constitutional infringements. The complaint does not cite the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 *et seq.* ("MTCA"), which provides the exclusive remedy for state tort actions against the State of Mississippi, its agencies, and its officials acting in their official capacities.

This court granted the motions for judgment on the pleadings of all defendants except Sullivant and dismissed all claims against them. The case is in an unusual procedural posture because at the time the other defendants moved for judgment on the pleadings, Sullivant had not been properly served and was therefore not a party to the action. After the plaintiff improperly obtained a clerk's entry of default against Sullivant, the court set aside the entry of default and granted Sullivant fourteen days to file an answer or other responsive pleading. Sullivant complied and has now timely filed a motion to dismiss all remaining claims in this action on the basis of Eleventh Amendment immunity, qualified immunity, state sovereign immunity, and the defenses applicable to the Mississippi Tort Claims Act. The plaintiff filed no response to Sullivant's motion.[1]

The court's review of the complaint reveals that, with the exception of the facts outlined above, the complaint contains only conclusory statements and conjecture, legal conclusions and pure speculation. The minimal allegations of fact are wholly insufficient to state a claim under Section 1983, much less overcome Sullivant's qualified immunity defense. The complaint makes no effort to set forth any facts showing how any act or omission by Sullivant proximately caused the plaintiff to suffer an injury. The plaintiff makes the conclusory statement that probable cause was lacking for his arrest but avoids mentioning the circumstances leading up to

---

[1] When a party fails to respond to a motion, it is generally considered unopposed. The court, however, may not simply grant a motion to dismiss as unopposed; it must consider the merits of the motion. *Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012).

the arrest, the reason for his arrest, or the circumstances surrounding his release. The plaintiff has simply not alleged a sufficient factual basis to support a claim against Sullivant even under the lenient standard afforded a plaintiff under Rule 12(b)(6). While a court considering a 12(b)(6) motion must accept the well-pleaded factual allegations in the complaint as true, to prevent dismissal, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's complaint here "fails to state a claim upon which relief may be granted [because] it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678).

To overcome Sullivant's defense of qualified immunity, the plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm…alleged and that defeat a qualified immunity defense with equal specificity." *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017). The plaintiff here has not alleged a violation of a clearly established right, which is required to overcome a qualified immunity defense. As noted, the plaintiff simply makes the conclusory assertion that he was arrested without probable cause with no facts alleged to support the claim. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001). The court finds that Sullivant is entitled to qualified immunity.

The court also finds that all remaining claims against Sullivant must be dismissed for the same reason as the Section 1983 claims – insufficient factual matter stating a plausible claim to relief. As the Fifth Circuit has made clear, "Post-*Iqbal*, formulaic recitations or bare-bones

allegations will not survive a motion to dismiss." *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019).

For the foregoing reasons, the court finds that the defendant's motion to dismiss is well taken and should be granted. A separate order in accord with this opinion shall issue this day.

This 31st day of March, 2021.

                                                /s/ Neal Biggers
                                                NEAL B. BIGGERS, JR.
                                                UNITED STATES DISTRICT JUDGE